[No. 22296. Department One. August 15, 1930.]

TERESA MASTERS, *Respondent*, v. CHARLES HULTIN, *Appellant.*[1]

*Carl J. Smith,* for appellant.
*E. P. Whiting,* for respondent.

PARKER, J.—The plaintiff, Masters, as assignee of Electro-Kold Sales Corporation, commenced this action in the superior court for King county, seeking recovery of an unpaid portion of the contract price of a refrigerator system installed by that corporation in a large apartment house in Seattle owned by the defendant, Hultin. A trial upon the merits in that court, sitting without a jury, resulted in a judgment awarding to Masters recovery against Hultin as prayed for, from which he has appealed to this court.

On April 12, 1928, the corporation entered into a contract with Hultin by the terms of which it agreed to install in his apartment house an Electro-Kold refrigerator system of sufficient capacity to serve sixty apartments. The contract price for the system, completed, was $6,178, payable partly as the work progressed and partly in monthly installments thereafter

[1]Reported in 290 Pac. 690.

until the full contract price should be paid. The corporation agreed to commence the work immediately, complete the work within forty-five days thereafter, guarantee the system, and to service the system without charge for a period of one year.

The system was completed and put in operation within the agreed time, and has been in operation ever since; but, according to the claims of Hultin, proved defective in operation in several particulars. The corporation voluntarily proceeded to remedy the claimed defects, by changing and installing additional equipment, claiming that such changes perfected the system in full compliance with the terms of the contract. This was done within a few months following the original completion of the system. On May 4, 1928, Hultin paid to the corporation upon the contract $1,141.75, and on May 12, 1928, he paid an additional $1,611 thereon. On March 26, 1929, no further payment being made by Hultin upon the contract, Masters, as assignee of the corporation, commenced this action seeking recovery of installments due upon the contract, and was thereafter awarded recovery by the judgment from which Hultin appeals.

It is contended in behalf of Hultin that the system has not been completed according to the contract, either at the time it was put in operation or since then. If we were here called upon to decide the question of the strict completion of the contract as of the time that the system was put in operation in May, 1928, it may be conceded that this contention would have some sound basis upon which to rest. But, in view of the corporation's thereafter voluntarily, with the acquiescence of Hultin, proceeding to remedy the defects in the system claimed by him to exist, our inquiry is now as to whether or not the system was completed according to the terms of the contract and the warranty therein,

prior to Hultin's denial of liability under the contract, which Hultin did not do until shortly before the commencement of this action, nor until after the corporation, as it claims, fully performed the contract.

A painstaking review of the evidence, as abstracted by counsel for Hultin, convinces us that the corporation did, by its remedying of the defects in the system claimed by Hultin to exist therein, after putting it in operation, fully perform the contract, and thus earned the whole of the agreed contract price. This seems to us so plain that we do not feel called upon to here review the evidence so demonstrating.

Hultin sought, not only by denials in his answer, to avoid recovery against him by Masters as assignee of the corporation, but also therein sought affirmative relief by way of cross-complaint; to wit, to recover damages in the amount he had paid upon the contract, and also damages for the corporation's alleged failure to perform the contract. This affirmative relief was sought also against another corporation, the manufacturer of the equipment, alleged by Hultin to be jointly interested in the contract with the Electro-Kold Sales Corporation, and thus jointly liable for such damages. The trial judge held that the claimed defects in the system, remedied by the corporation, did not result in any damage to Hultin, and this the evidence fully warrants.

We conclude that the evidence abundantly shows that the system was by the corporation effectively installed and put in operation in full compliance with the terms of the contract, and that Hultin suffered no damage incident to the remedying of the defects claimed by him.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.